[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated January 17, 1995, the plaintiff, John Herman Simmeck, seeks a dissolution of his marriage to the defendant, Ann Margaret Simmeck.
After a full trial, all parties present and represented by counsel, the court, based on a preponderance of the credible, relevant and legally admissible evidence, finds, determines and rules as follows:
The plaintiff and the defendant, whose maiden name was Ann Margaret Olesak, intermarried in New Britain, Connecticut on June 12, 1954. CT Page 1414-PPP
The plaintiff and the defendant have resided continuously in this State for many years prior to the date of this complaint.
The parties have no minor children, issue of this marriage, and no government agency is contributing to their support.
The marriage of the parties has broken down irretrievably.
The defendant and the plaintiff became the parents of four children. The defendant was a homemaker during the course of the marriage while plaintiff worked as a carpenter until he retired in May of 1991.
The parties separated in the Spring of 1984 and have been living separate and apart ever since.
The defendant is living in the parties jointly owned property located at 15 Lake Shore Drive, Middlefield, Connecticut. Residing with her are an adult son and an adult daughter, both of whom are contributing to the cost of maintaining the premises.
The plaintiff owns and is living on a trailer located on North Broad Street in Meriden. Connecticut.
Until a court order approving an agreement for the plaintiff to pay pendente lite alimony in the amount of $50.00 entered March 13, 1995, the plaintiff, although he on occasion gave certain sums of money to the defendant, did not on a regular basis contribute to the support of the defendant. However, upon the parties separation they hold joint bank accounts which totalled well in excess of $50,000.00. The passbooks were in the possession of the defendant who made various transfers of same out of the name of the plaintiff.
Because the plaintiff was not contributing to the support of the defendant for over ten years, the court will construe the disposition of the jointly held accounts by the defendant as a justified and reasonable use of said funds for her support.
The court finds that both parties are responsible for the breakdown of the marriage. The plaintiff virtually abandoned his household and the defendant seems to have preferred the presence of an adult son as the dominant person in her household. CT Page 1414-QQQ
Based upon and guided by the mandates and strictures of Connecticut Statute Sections. 46b-81 and 46b-82, the court in the exercise of its discretionary and equitable power distributes the property and enters orders as follows:
The plaintiff shall convey all his right, title and interest in the real property at 15 Lake Shore Drive, Middlefield, Connecticut to the defendant.
However, the defendant shall execute a promissory note in the amount of $45,000.00 payable to the plaintiff, which note shall be secured by a first mortgage on said real estate. Said note shall bear interest at the rate of 7% per annum but the note shall not be payable nor shall I interest run unless and until the defendant transfers the property out of her name, dies, or vacates the property for a period of six months which ever event first occurs. Upon such event the entire note shall be due and payable and interest shall commence to accrue. The defendant shall execute said note and mortgage and both the deed of the plaintiff and the note and mortgage shall be recorded at the same time. The defendant may pay the note in full at any time.
The plaintiff is 69 years of age and the defendant is 68 years old. Both are in reasonable good health.
Both parties are receiving Social Security payments while the plaintiff is also drawing a small pension from the carpenter's union. The parties are eligible for Medicare.
The plaintiff is ordered to pay to the defendant as periodic alimony the sum of $50.00 per week until the death of the defendant or her remarriage, which ever first occurs.
All bank accounts in the possession of each party, whether held jointly or not will become the sole property of that party free and clear from all claims of the other.
The parties shall be responsible for their own debts, if any, and shall be responsible for their own counsel fees.
The parties are ordered to execute all documents necessary to effectuate the orders of the court.
Accordingly, a decree may enter dissolving the marriage of CT Page 1414-RRR the parties and incorporating: therein the orders and awards of the court.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with Foregoing Memorandum of Decision.
Jonathan W. Field, Deputy Chief Clerk